**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,                ) | 08-3058M |
|                                           ) | CR-07-0143-PHX-NVW |
|            Plaintiff,                     ) | |
|                                           ) | **ORDER** |
| vs.                                       ) | |
|                                           ) | |
| Aaron Andrew Jose,                        ) | |
|                                           ) | |
|            Defendant.                     ) | |
|                                           ) | |

        This Magistrate Judge is again presented with an inadequately-prepared plea agreement. The U.S. Attorney's Office has been informally requested on numerous occasions by the undersigned, and other magistrate judges, to include in their "combo plea" agreements (plea of guilty to new felony charge and admission to violation of supervised release or probation) what the maximum possible penalty would be for the Grade B or C violation and to specify the maximum number of agreed-upon months that the defendant could receive under the plea agreement for the supervised release violation. Today's plea agreement again specified that the Defendant's disposition shall "not exceed the middle of the applicable policy statement range" and failed to set forth the maximum penalty for the alleged Grade B violation. Without these specific numbers, how can an a defendant, citizen or not, with a limited or no formal education know what he or she is expecting except for the pure blind faith in what his lawyer supposedly told him, assuming, of course, the information

1 given by defense counsel is accurate or recalled correctly. Judges are in the business of
2 solving legal problems, not creating more.

3     Rule 11(b)(1)(H), FED.R.CRIM.P., requires the district court to advise the
4 defendant of, among others, the maximum possible "penalty." It is not too great a leap to
5 imagine a higher court criticizing, or even reversing, the district court's sentence and
6 disposition for not following the logical extension and spirit of Rule 11(b)(1)(H) when
7 taking an admission and felony guilty plea when a defendant seeks to withdraw from one of
8 these combo plea agreements after the defendant receives an unexpected or unfavorable
9 sentence and disposition. Including this specific information in combo plea agreements
10 would make for a better informed defendant, a better change-of-plea record and a better plea
11 agreement.

12     **IT IS ORDERED** that the plea agreement in the above-captioned case is
13 **REJECTED** for the reasons set forth herein.

14     DATED this 24th day of April, 2008.

Lawrence O. Anderson
United States Magistrate Judge